GEORGE E. ROGERS *vs.* EMMA B. COY.

Suffolk.    March 26, 1895. — October 17, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Use and Occupation — Action — Defence — Husband and Wife.*

An action for use and occupation of a tenement does not depend on privity of estate, but on contract, express or implied, between the landlord and tenant, and occupation, actual or constructive, by the latter.

In an action against a married woman for use and occupation of a tenement, the fact that she was living there with her husband does not affect her liability, if the jury find that she was occupying as a tenant with his assent under an agreement to pay the rent herself.

CONTRACT, for use and occupation of a tenement in Boston. Trial in the Superior Court, before *Blodgett*, J., who ruled that

the action could not be maintained, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts sufficiently appear in the opinion.

*F. Rogers*, for the plaintiff.

*J. W. Keith*, for the defendant.

MORTON, J. This is an action for use and occupation by the defendant of a certain tenement belonging to the plaintiff. The defence is, that, at the time when the plaintiff testified that the defendant became his tenant, her husband was tenant at will of the premises, and that no termination of his tenancy was shown. The action, however, does not depend on privity of estate, but on contract, express or implied, between the landlord and tenant, and occupation, actual or constructive, by the latter. *Cobb* v. *Arnold*, 8 Met. 398, 402. *Lindsey* v. *Leighton*, 150 Mass. 285. *Henwood* v. *Cheeseman*, 3 S. & R. 500. *Barron* v. *Marsh*, 63 N. H. 107. *Phipps* v. *Sculthorpe*, 1 B, & Ald. 50. *Dolby* v. *Iles*, 11 Ad. & El. 335. 2 Dane, Abr. 442, 446. Taylor, Land. & Ten. (7th ed.) §§ 641, 654. Wood, Land. & Ten. (2d ed.) § 546. The plea *nil habuit in tenementis* would not constitute a defence. Taylor, Land. & Ten. (7th ed.) § 654.

In the present case there was evidence of admissions on the part of the defendant from which the jury might have found that she was in occupation of the tenement during the time claimed by the plaintiff as his tenant with her husband's assent. The fact that she was a married woman and living there with her husband would not affect her liability, if the jury found that she was occupying as a tenant with her husband's assent under an agreement to pay the rent herself. If the defendant contended that her agreement was merely collateral to her husband's alleged liability, that was a question of fact for the jury, under suitable instructions.

*Exceptions sustained.*