TEGELAAR BROTHERS, INC. *vs.* J. I. HANFLIG, trustee in bankruptcy.

Middlesex.   February 6, 1934. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Pleading, Civil,* Answer: in recoupment; Declaration: in set-off. *Set-off. Recoupment. Practice, Civil,* Findings by judge.

In an action in a district court for the purchase price of goods sold, a paper filed by the defendant, entitled "Declaration . . . in Recoupment and Set-off," whereby he claimed unliquidated damages for a

breach of warranty by the plaintiff, was in no sense a declaration in set-off and improperly was so entitled; however, since pleadings are to be interpreted according to their true character irrespective of their titles, this court treated such paper as an answer in recoupment.

At the hearing of the action above described, the trial judge found that there was a breach of warranty rendering the goods worthless for the purpose for which the defendant bought them, and found for the defendant on the plaintiff's declaration. The plaintiff filed no requests for rulings. At the request of the defendant, the judge ruled that the defendant was "entitled to recoupment as against the plaintiff" for the damage resulting to the defendant from the breach of warranty, found "for the plaintiff in set-off" in a certain sum on "the declaration of set-off" and, at the request of the plaintiff, reported his ruling to the Appellate Division. The report was ordered dismissed, and the plaintiff appealed. *Held*, that

(1) The finding for the defendant on the plaintiff's declaration must stand in the circumstances;

(2) The finding "for the plaintiff in set-off" on "the declaration of set-off" must be treated as a finding for the defendant on his answer in recoupment;

(3) Recoupment being merely the right to have damages of the defendant assessed and applied in reduction of the plaintiff's damages, without judgment for any excess, the defendant was not entitled to recoup because the plaintiff did not recover any damages;

(4) The order by the Appellate Division must be reversed and judgment entered for the defendant.

CONTRACT. Writ in the District Court of Newton dated June 5, 1931.

The action was originally against Auburndale Conservatories, Inc., which is referred to as the defendant throughout the opinion. Subsequently that corporation was adjudicated a bankrupt and its trustee in bankruptcy was substituted as defendant.

The action was heard in the District Court by *Weston*, J. The pleadings, material findings by the judge and a ruling by him are described in the opinion. A report to the Appellate Division for the Northern District was dismissed. The plaintiff appealed.

The case was argued at the bar in February, 1934, before *Crosby, Pierce, Wait, Field, & Donahue*, JJ., and afterwards was submitted on briefs to all the Justices.

*N. Parnes*, (*S. M. Castleton* with him,) for the plaintiff.

*W. F. Rideout*, (*J. A. Plummer* with him,) for the defendant.

PIERCE, J. This is an appeal from an order by the Appel-

late Division of District Courts, Northern District, dismissing a report requested by the plaintiff after a trial in the District Court of an action of contract to recover on an account annexed $579.60 for tulip bulbs, ordered by the defendant and shipped from Holland by the plaintiff to the defendant in Newton, Massachusetts, in October, 1930. The answer of the defendant was a general denial, a special answer "that the merchandise sold by the plaintiff to the defendant was defective and therefore of no use to the defendant . . ." and a paper entitled "Declaration of Defendant, Auburndale Conservatories, Inc., in Recoupment and Set-off," which reads: "And now comes the defendant . . . and declaring in recoupment and set-off that they ordered merchandise as set out in the plaintiff's declaration and that said merchandise was received by the defendant. That the defendant seeks by way of recoupment to be paid for the above mentioned merchandise, that said merchandise was defective and therefore the defendant was put to considerable damage by way of attempting to plant and raise said merchandise all to its great expense because of said defectiveness. The defendant further seeks to recoup the amount paid out to the United States customs for clearing said defective merchandise all to the said damage of the said defendant as alleged above." Subsequently the plaintiff filed an answer to the defendant's "Declaration . . . in Recoupment and Set-off" which reads: "Now comes the plaintiff in the above entitled action and hereby denies generally each allegation of set-off and recoupment in defendant's declaration of recoupment and set-off." The report contains all the evidence material to the questions reported.

The material facts disclosed by the report, in substance, are as follows: The plaintiff is a wholesale dealer in tulip bulbs. The defendant is a corporation which conducts a greenhouse in Newton. In January, 1930, the defendant signed an order, in Boston, for tulip bulbs, which were shipped from Holland by the plaintiff and received by the defendant, in Newton. The defendant alleged the bulbs "were defective and refused to pay for them."

In compliance with the defendant's order the plaintiff packed and shipped bulbs, directed to the defendant. "Immediately upon receiving the shipment the defendant cut open ten or twelve bulbs from each lot to see if they were in good condition . . . and finding no defects, spread them out in racks and then planted them in pots with nine bulbs in a pot; put them into a cold storage plant where they were kept . . . until such time as it was necessary to put them into the heated greenhouse to force them for winter sale." In January, 1931, the defendant discovered that the bulbs were producing foliage but no flowers and wrote the plaintiff, "stating that the bulbs were blighted."

The trial judge found "as a fact that the bulbs were heated in transit, but there was no evidence as to where this heating occurred," and that the bulbs "were worthless for the purpose for which the defendant bought them." He therefore found for the defendant. This was a finding of fact and not a ruling of law. "In the declaration of set-off" he found "for the plaintiff in set-off, the original defendant, and assess[ed] the damages of $348."

At the close of the evidence the plaintiff filed no requests for rulings. It did not put itself in position to ask for report touching its right to recover or to assail the finding for the defendant. That finding must be accepted as true. At the request of the defendant the trial judge granted this among other requests: "The defendant is entitled to recoupment as against the plaintiff in this case for such damage suffered by it, because of breach of implied warranty. G. L. c. 106, § 58 (1) (a)." The correctness of that ruling is reported at the request of the plaintiff.

The paper filed by the defendant entitled "Declaration . . . in Recoupment and Set-off" was not in any sense a declaration in set-off, and was so entitled improperly. A set-off relates solely to liquidated damages. G. L. (Ter. Ed.) c. 232, § 1. The damages of the defendant were manifestly unliquidated and the paper filed by it does not purport to set out or assert liquidated damages. A pleading, however,

is to be treated according to its true character and not according to its name. *Hays* v. *Georgian Inc.* 280 Mass. 10, 15. This paper filed by the defendant was properly a part of its answer pleaded by way of defence. Damages by way of recoupment must be sufficiently pleaded. *Sayles* v. *Quinn*, 196 Mass. 492, 494. "The right to recoup is the right to have unliquidated damages ascertained and applied in reduction of the plaintiff's demand, although the defendant cannot have judgment for any excess." *Barnett* v. *Loud*, 226 Mass. 447, 450, and cases cited.

The finding of the trial judge, although stated in terms to be a finding "for the plaintiff in set-off" must be treated as a finding for the defendant on its plea of recoupment. Otherwise it would be a futile finding because there was no declaration in set-off and there was no claim in set-off, and there was no ground for a finding in set-off. The only claim of the defendant was in recoupment. But the defendant cannot maintain recoupment because the plaintiff recovers nothing, the judgment being for the defendant on the plaintiff's cause of action. Therefore there was error on the part of the trial judge in granting the third request of the defendant already quoted.

Since the finding for the defendant must stand and be accepted as true because no question of law has been reported concerning it, it is manifest that the defendant cannot recover on its answer in recoupment. Other questions argued need not be considered. The result is that the order of the Appellate Division dismissing the report must be reversed and judgment entered for the defendant.

*So ordered.*