MARY M. BARTON *vs.* CITY OF CAMBRIDGE
(and thirty-nine companion cases [1]).

Middlesex.     March 8, 1945. — June 26, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Practice, Civil,* Appellate Division: request for report; Entry of judgment; Requests, rulings and instructions.

There was compliance with that part of Rule 27 of the District Courts (1940), which requires that "the written request for a report to the Appellate Division shall include a clear and concise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification," where a request by a party for a report stated that he claimed to be aggrieved by action of the trial judge upon numbered requests by the parties respectively and referred to them only by their numbers.

A request for a report in an action in a District Court is comparable to the taking of an exception in other courts. Per LUMMUS, J.

A bare request for a report to the Appellate Division of the allowance by a judge of a District Court of a motion for judgment for the plaintiff, filed by the defendant within five days after the allowance of the motion, where the motion was based on the record, was sufficient to raise a question of law which could be reported under G. L. (Ter. Ed.) c. 231, § 108, as amended by St. 1933, c. 255, § 1; in the circumstances no request for a ruling at the hearing on the motion was necessary.

---

[1] The companion cases are those brought against the same defendant by Daniel S. Brennan, Mary E. Calnan, William J. Cleary, William F. Coady, Americus D'Agostino, John Dee, William J. Dinan, Mildred C. Doherty, Kathleen A. Donnelly, Margaret G. Fitzgerald, Margaret M. Gibson, Edward D. Hanlon, Edward J. Hennessey, Ralph Lampron, Rose E. Manning, Katherine M. McNamara, Helen C. Moran, William H. Mulcahy, Daniel J. Murphy, Warren G. Murphy, Joseph H. C. Sampson, Frederick J. Schuler, Thomas M. Cosgrove, Daniel Courtney, Harry J. Cloran, Thomas E. Feroleto, William J. Geary, Walter M. Montgomery, Walter M. McCusker, John L. McMenimen, Joseph McMenimen, Edward L. O'Rourke, Henry A. Sullivan, William F. Sullivan, Thomas J. Croke, Daniel F. Driscoll, Edward McGuinness, Edward J. Sullivan and Anna M. Burke.

FORTY ACTIONS OF CONTRACT. Writs in the Third District Court of Eastern Middlesex severally dated April 10; May 5, 15; and July 9, 1941.

The cases were consolidated and were heard together by *Temple*, J.

In this court the cases were submitted on briefs.

*J. A. Daly*, City Solicitor, for the defendant.

*G. A. McLaughlin & F. V. McMenimen*, for the plaintiffs.

LUMMUS, J. These cases concern questions of practice. The plaintiffs, employees of the defendant in its classified civil service, seek to recover money withheld from their wages from January 3, 1938, to the beginning of their several actions, by reason of an alleged unlawful reduction of their wages in January, 1938, to the wage scale existing before an increase made in 1937.

On February 5, 1942, the trial judge granted some requests for rulings presented by the defendant and refused others; granted all the requests presented by Mr. McLaughlin for some of the plaintiffs and by Mr. McMenimen for others; and found generally for the several plaintiffs.

On February 7, 1942, the defendant filed in each case a request for a report in the form shown in a footnote.[1] A draft report was filed and copies thereof were delivered or mailed to opposing counsel and the judge, in accordance with Rule 28 of the District Courts (1940). By Tuesday, March 24, 1942, all other matters that might stay the entry of final judgment were out of the way.

The pendency of a draft report filed pursuant to a proper request for a report prevents a case from being ripe for judgment and from going to judgment automatically under

---

[1] "Now comes the defendant in the above entitled matter and claims to be aggrieved by the following actions of the trial justice: 1. The defendant claims that the trial justice was in error in refusing to grant defendant's requests for rulings Nos. 1 to 10, inclusive, 13 to 23, inclusive, and 24 to 31, inclusive. 2. The defendant claims to be aggrieved by the error of the trial justice in granting the plaintiff's requests for rulings Nos. 1 to 52, inclusive, as filed by George A. McLaughlin, Esq., and plaintiff's requests for rulings Nos. 1 to 45, inclusive, as filed by Frederick V. McMenimen, Esq. 3. The defendant claims to be aggrieved by the error of the trial justice in refusing to grant a hearing on the motion to amend defendant's answer. Claiming to be aggrieved in the aforesaid matters, as more specifically described in paragraphs 1, 2 and 3, the defendant hereby claims a report to the Appellate Division for determination."

G. L. (Ter. Ed.) c. 235, § 2, and Rule 36 of the District Courts (1940). *Ahern* v. *Towle,* 310 Mass. 695, 698.

But the plaintiffs, contending that in each case the request for a report was nugatory because improper in form under Rule 27 of the District Courts (1940), filed motions that judgment be entered in their favor as of Friday, April 3, 1942, on which day the right to file any other request for a report or other draft report had already expired. After a hearing at which no requests for rulings were presented, these motions were allowed on April 29, 1942. The defendant, apparently at once, requested a report of the ruling by which these motions were allowed, and the judge reported the allowance of these motions to the Appellate Division.

The Appellate Division dismissed the report in each case, holding that though the cases did not go to judgment automatically on April 3, 1942, the motions for judgment for the plaintiffs were rightly allowed. The defendant appealed to this court.

The plaintiffs contend that in each case the request for a report filed on February 7, 1942, was invalid under that part of Rule 27 aforesaid that provides that "the written request for a report to the Appellate Division shall include a clear and concise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification." In these cases the defendant referred by number to the requests for rulings that it contended were erroneously granted or refused. No decision is cited that holds such an identification insufficient, although in *Rollins* v. *Perry,* 284 Mass. 488, 489, we said that the rule "demands a full and accurate statement of the rulings concerning which review is sought." But that statement must be read in connection with the facts, which were that the request for a report failed to identify in any way the particular rulings to which it was directed. *Stafford* v. *Commonwealth Co.* 263 Mass. 240, 242, and *Almeida* v. *Alsdorf,* 291 Mass. 115, are similar. In *Ahern* v. *Towle,* 310 Mass. 695, 696–697, the plaintiff, in his request for a report, set forth all his requests and the action of the judge upon each,

granting or denying it, and then declared himself "aggrieved by the court's rulings and refusals to rule as requested." We held that "it cannot be said rightly that the method employed by the plaintiff rendered identification of the disputed rulings and refusals to rule impossible or difficult."

In the present cases we think that the disputed rulings and refusals to rule were sufficiently identified, and that the motions for judgment were erroneously allowed.

But the plaintiffs contend that in the absence of a request for a ruling at the hearing upon the motions for judgment no question of law was saved with respect to the allowance of those motions that could be reported to the Appellate Division. General Laws (Ter. Ed.) c. 231, § 108, as amended by St. 1933, c. 255, § 1, provides that a party "aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same." It provides also that "The request for such a report shall be filed with the clerk of any district court within five days after notice of the finding or decision and, when the objection is to the admission or exclusion of evidence, the claim for a report shall also be made known at the time of the ruling." The implication from the record is that the "request" for a report as to the allowance of the motions for judgment was made well within the five days allowed. Such a "request" for a report is enough to save a question of law, except a question of the admission or exclusion of evidence, as to which there must also be a "claim" for a report made known at the time of the ruling. *Mass. Building Finish Co. Inc.* v. *Brenner*, 288 Mass. 481, 484. A "request" for a report is comparable to the taking of an exception in other courts. Rule 72 of the Superior Court (1932). *Cutter* v. *Arlington Construction Co.* 268 Mass. 88, 91. *Murphy* v. *William C. Barry, Inc.* 295 Mass. 94. *Bartley* v. *Phillips*, 317 Mass. 35, 42.

As to exceptions, it is true that the question whether a

general finding or decision upon disputed facts was warranted by the evidence must be raised by an exception to the denial of a requested ruling that such a finding would not be warranted, and cannot be raised merely by an exception to that general finding or decision taken after it was made. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555. *Sreda* v. *Kessel,* 310 Mass. 588. *Langdoc* v. *Gevaert Co. of America, Inc.* 315 Mass. 8, 10. *Matter of Loeb,* 315 Mass. 191, 194. A similar rule applies to reports from District Courts. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268. *Breen* v. *Burns,* 280 Mass. 222, 228. *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94, 95. But where the basis for the general finding or decision is not in dispute, an exception to, or a request for a report from, the general finding or decision, suffices to raise the question of law whether it was warranted. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166, 167. *Matter of Loeb,* 315 Mass. 191, 194. In the present cases the motions evidently were based upon the record, and that was beyond dispute. In that situation there was no need of a request for a ruling. *Harrington* v. *Anderson,* 316 Mass. 187, 192. We think there is nothing to the contrary in Rule 27 of the District Courts (1940) or Rule 28 of the Municipal Court of the City of Boston (1940). The suggestion of possible need of a request for a ruling in *Rock* v. *Pittsfield,* 316 Mass. 348, 349, was only by way of caution, and was not a decision. We think that the bare request for a report of the allowance of the motion for judgment for the plaintiff in each case was sufficient to raise the question whether on the record the allowance of the motion was error. We think it was, since proceedings for a report begun by the request for a report filed on February 7, 1942, were still pending, and are still to be dealt with.

In each case the entry must be

*Order dismissing report reversed.*

*Order of judgment for plaintiff set aside.*