*Northern District*

No. 5028

**ERNESTINE ROCHE**

**v.**

**ONE-HOUR MARTINIZING, INC., ET AL**

(March 13, 1957)

*Gadsby, P. J.* This is an action of contract in two counts for one and the same cause of action. In count one, the plaintiff seeks to recover for wages due and vacation pay. In count two, the plaintiff seeks to recover on an account annexed, for work and labor.

There were two defendants, the One-Hour Martinizing, Inc., and Ralph L. Perdrix. The answer of both defendants was a general denial.

The Court found for the plaintiff against the defendant, One-Hour Martinizing, Inc., and for the defendant, Ralph L. Perdrix.

Various requests for rulings of law were filed by both plaintiff and defendant, One-Hour Martinizing, Inc. Some of these requests were allowed and some denied. The report states that the defendant, One-Hour Martinizing, Inc., claimed to be aggrieved by the allowance of the plaintiff's requests for rulings and by the denial of its requests for rulings.

It is obvious that there has been no compliance with Rule 28 of the District Courts Rules (1952) since there must be set forth in the report in clear

and concise terms, the rulings upon which the party seeking the report has requested and now asks for a re-hearing by the Appellate Division. Also under Rule 27 of the District Courts Rules (1952), the written request for a report to the Appellate Division must specify the rulings upon which a re-hearing is requested sufficiently full and accurate for identification.

It is not the province of this Division to search for various requests for rulings to find out which are allowed and which are denied. The party claiming to be aggrieved should state in detail and accurately the rulings given or refused by which he claims to be aggrieved. This was not done. Therefore there has been no compliance with either Rule 27 or Rule 28. As was said in *Almeida v. Alsdorf*, 291 Mass. 115 at 116, "Merely to refer to prayers for rulings without identifying them in some specific way is not enough." *Barton v. Cambridge*, 318 Mass. 420 at 422.

*The report is ordered dismissed.*
James H. Clayton, for the plaintiff.
Harold S. White, for the defendant.