*Western District*

No. 10826

### RONALD C. COLEMAN and ELAINE M. COLEMAN

v.

### C. & P. HOMES, INC.

Argued: June 18, 1970 Decided: June 29, 1970

*Present:* Garvey, P.J., Levine, and Dudley, J.J.
Case tried to *Griffin, J.* in the District Court of
Eastern Hampden #10826.

**Garvey, P.J.** After a trial in this alleged
breach of a building contract there was a find-
ing for the plaintiffs and damages assessed.
Neither of the parties filed requests for rulings
of law.

The defendant filed a request for a report
and a draft report claiming to be aggrieved by
the finding of the judge and the amount of dam-
age assessed. After a hearing the judge entered
the following order:

"There being, in my opinion, no issue of

law raised, it is ordered that the claim of report is hereby dismissed''.

After other proceedings, of no materiality here, the case comes to us on the voluntary report of the judge under the provisions of *G.L. c. 231, § 108.*

The only issue presented is the correctness of the order of dismissal. There was no error.

From the lengthy recital in the defendant's brief of the evidence presented at the trial it is evident that the findings of the judge were made on disputed facts as to liability and damages.

We repeat in substance what we held in *Brantley* v. *Curtis Automatic Transmission Co. Inc.,* 36 Mass. App. Dec. 9. *G.L. c. 231, § 108* provides that ''Any party. . . .aggrieved by any ruling on a matter of law by a single justice may, as of right, have the ruling reported for determination by the Appellate Division. . . .'' *Rule 27 of the Rules of the District Courts (1965)*, in part provides: ''Requests for rulings in the trial of causes shall be in writing and presented to the court before the beginning of any closing arguments unless special leave is given to present requests later''.

■ ''A 'request' for a report is comparable to the taking of an exception in other courts.

■ As to exceptions, it is true that the question whether a general finding or decision upon disputed facts was warranted by the evidence must be raised by an exception to the denial of a requested ruling that such a find-

ing would not be warranted, and cannot be raised merely by an exception to that general finding or decision taken after it was made. A similar rule applies to reports from District Courts." *Barton* v. *Cambridge,* 318 Mass. 420, 423-424. "The reason is that exceptions or claims of report lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented." *Muir Brothers Co.* v. *Sawyer Construction Co.,* 328 Mass. 413, 415. See *Gratta* v. *Marinelli,* 20 Legalite 364.

There are exceptions to this general rule. It has been decided that requests for rulings of law are not necessary on a report voluntarily made by the trial judge, *G.L. c. 231, § 108;* in a case stated, *Nutter* v. *Mroczka,* 303 Mass. 343, 347-348; where "all material subsidiary facts have been found or are agreed", *Leshefsky* v. *American Employer Ins. Co.,* 293 Mass. 164, 167. *Muir Brothers Co.* v. *Sawyer Construction Co.,* 328 Mass. 413, 415, *Langdoc* v. *Gevaert Co. of America, Inc.,* 315 Mass. 9, 11; "where the basis for the general finding is not in dispute" *Barton* v. *Cambridge,* 318 Mass. 420, 424, *Tegelaar Brothers, Inc.* v. *Hanflig,* 286 Mass. 363, 366; or where the ruling is "based on the record" *Barton* v. *Cambridge,* 318 Mass. 420, 424.

The facts in the case under consideration do not bring it within any of these exceptions. The

defendant, having failed to file requests for rulings of law, is not entitled to a review.

 The order dismissing the claim of report was correct. **The report is to be dismissed.**

PARK and MITCHELL
. of Springfield, for the defendant.
WILLIAM J. BAILEY
of Springfield, for the plaintiff.