*Southern District*

No. 26095

## ANNE D. HALL

v.

## JOSEPH B. POWER

Argued: Jan. 12, 1971.   Decided: Aug. 4, 1971.

*Present:* Murphy, P. J., Rider, Sullivan, JJ.

Case tried before *White, J.* in the First District Court of Barnstable No. 26095.

**Sullivan, J.** This is an action of contract for use and occupation of premises. The answer was a general denial and payment.

The trial judge made a general finding for the plaintiff in the full amount of her declaration. ($1215.68) No special finding of facts was made. No action was taken on defendant's requests for rulings.

Defendant contends error in the failure to act upon or grant his requests, and that the finding is against the weight of the evidence.

We consider first the contention that the finding was against the weight of the evidence. The defendant may not avail himself of this contention because of the form of the report. The report contains what appears to be merely fragmentary portions of the evidence. There is no statement that "This report contains all the evidence material to the questions

reported'', as required by Rule 28, Draft Report Model, of the District Court Rules. In this respect, the report is fatally defective. See *Irving* v. *Bonjorno*, 327 Mass. 516, 518. It should have been dismissed or corrected by the trial judge.

■ As to the failure of the trial judge to act upon or grant the requests for rulings, we find no prejudicial error. Non-action on the requests was an implied denial of them. *Bankoff* v. *Coleman Brothers, Inc.*, 302 Mass. 122.

■ Error would be assigned only if the rulings requested were the governing principles of law. They were not.

The requests for rulings were as follows:

1. That rent due under a written Lease cannot be recovered on a common count for rent and/or use and occupation.
2. The plaintiff, in an action for rent, has the burden of proving that he owned the premises during the period for which rent is sought or that she had a better right to possession during this period than the defendant.
3. Under a common count for rent and/or use and occupation the landlord is entitled to recover only for the specific time that the premises were actually occupied and/or used by the tenant.
4. In a suit under a common count for rent, the landlord is entitled to recover from the tenant only the reasonable value of

the use and occupation during which the tenant actually occupied the premises.

5. In an action on a common count for rent, the landlord has the burden of proving that the tenant actually occupied the premises for which rent is claimed.

6. The defendant did not occupy the premises at 269 Sea Street, Hyannis, Massachusetts, during the period from February, 1967, to September, 1967.

7. The plaintiff, ANNE D. HALL, did not own and was not entitled to possession of 269 Sea Street, Hyannis, Massachusetts, during the period of February, 1967 through September 4, 1967.

Request No. 1 properly recites the common law. This common law principle, however, has since been changed by statute so that rent due under a lease can now be recovered on a common count. G.L. c. 231, § 147(1).

Request No. 2 alludes to privity of estates as being essential in a landlord-tenant relationship. This is not the law. An action for use and occupation depends not on privity of estate but on contract, express or implied. *Rogers* v. *Coy*, 164 Mass. 391, 392.

Requests No. 3, 4, and 5 do not properly state the law. Recovery for use and occupation is not limited to periods when the tenant "actually" occupied. The occupation may be either actual or constructive. *ibid.*

Requests No. 6 and 7 are characterized

in defendant's brief as requests for findings of fact. A District Court judge is not required to make findings of fact. *Maglio* v. *Lane*, 268 Mass. 135.

There being no prejudicial error, and because of the failure to follow the rule in reference to the form of the report, it is ordered: **Report Dismissed.**

JOSEPH J. REARDON
    of Hyannis for the plaintiff.
MARSHALL M. DRANETZ
    of Hyannis for the defendant.