*Northern District*

No. 8421

# WILLIAM H. MAXWELL
# v.
# NORWOOD MARINE, INC.

Argued: March 25, 1976. Decided: May 4, 1976.

Case tried to *Tuttle, J.,* in the First District Court of Southern Middlesex. No.: C-21329 (2042) R).

Present: Cowdrey, P.J; Forte, Flynn, J.J.

**Flynn, J.** This is an action of contract to recover damages for the defendant's breach of contract to sell the plaintiff a boat. The plaintiff appellant was the prevailing party. Nominal damages were awarded and he claims to be aggrieved upon the question of damages.

The answer is a general denial and eight affirmative defenses: 1. payment, 2. genuiness of the signature on the bill of sale, 3. compromise and settlement, 4. accord and satisfaction, 5. novation, 6. statute of frauds, 7. excuse from performance, 8. lack of consideration.

*At the trial there was evidence tending to show:*

The plaintiff and defendant entered into a contract on December 31, 1973 under which the plaintiff agreed to purchase a 1973-25 foot Chris Craft from the defendant for $4,200., plus a trade-in of the plaintiff's 1973-18 foot Glastron for delivery approximately April 15, 1974.

The defendant on March 23, 1974 sold for $9,000. the 1973-25 foot Chris Craft it had previously agreed and then refused to sell to the plaintiff.

The plaintiff bought a 1974-22 foot Sea Ray on April 9, 1974, and was credited $3,000. on the trade-in on his 1973-18 foot Glastron.

The court found the following facts:

"The plaintiff and defendant entered into an oral agreement on December 31, 1973 whereby the defendant agreed to sell and the plaintiff to purchase a 1973-25 foot Chris Craft boat for the sum of $4,200., plus a trade-in of the plaintiff's 1973-18 foot Glastron boat.

The defendant breached said contract in that it refused to consummate the sale.

The plaintiff purchased a 1974-22 foot Sea Ray boat as a replacement for the boat he had originally contracted to purchase from the defendant, which 22 foot Sea Ray was not a boat comparable and in like kind to the boat the plaintiff had agreed to purchase from the defendant.

The plaintiff was not damaged by the defendant's breach of contract."

Both parties submitted requests for ruling of law. The trial justice denied all of the defendant's requests and treated all the plaintiff's requests as having been waived. The plaintiff claims to be aggrieved by such action and by, in effect, the denial of his requests #6 through #9.

It is common practice for a trial justice, when finding for a party, to indicate that he has treated that

party's requests for rulings as waived or withdrawn. The losing party, unless he has filed requests of his own which have been denied, then has no right to complain. *Brantley v. Curtis Transmission Co.,* 36 Mass. App. Dec. 9, 11 (1966). On the other hand, when the prevailing party's requests are acted upon and allowed, the losing party, even if he has filed no requests of his own, can claim a report on the allowance of the prevailing party's requests because the rulings were adverse to him. *Muto v. Deslauriers,* 292 Mass. 406, 408 (1935). [—— Mass. App. Dec. ——].

However, when the prevailing party is not content with the treatment of his requests as having been waived or withdrawn, as when the requests are properly framed and related to damages only, and he is in effect adversely affected by such treatment of the requests, he is entitled to have the requests treated as having been denied and thus be in a position to claim a report on such denial. *Bangs v. Farr,* 209 Mass. 339, 344 (1911).

Where a trial justice takes no action upon requests, other than treating them as [impliedly] waived or withdrawn [by] the party making the requests, they must be treated as having been denied. *Mitchell v. Silverstein,* 323 Mass. 239, 240-241 (1938). *Alves v. Boulanger,* 329 Mass. 766 (1953). *Hall v. Power,* 47 Mass. App. Dec. 6. *Hall v. Daggett,* 28 Mass. App. Dec. 28.

In the instant case plaintiff filed nine requests. He was not adversely affected by the treatment by the trial justice of requests #1 thru #4 as having been waived. He has waived argument on request #5 which does relate to damages. However, he is entitled to a decision from this Division, whether or not he has been adversely affected by the disposition of requests #6 thru #9, which requests relate solely to damages, and which we treat as having been denied by the trial justice, the plaintiff not having consented

to the treatment of such requests as having been waived or withdrawn.

The requests in question are as follows:

#6. If the plaintiff is not entitled to damages under G.L.c. 106, §2-712 (which section of the Uniform Commercial Code pertains to the buyer's "cover" in the event of a breach by the seller), then he is entitled to damages in the amount of the difference between the market price of the 1973 Chris Craft and the contract price. G.L.c. 106 §§2-711 (1), 2-713.

#7. The price at which the defendant sold the 1973-25 foot Chris Craft three months after it contracted to sell the boat to the plaintiff and prior to the approximate delivery date to the plaintiff is the value of the 1973-25 foot Chris Craft.

#8. The market value of the 19 foot Glastron on trade was $3,000.00, the amount given to the plaintiff in trade when he purchased the 1974 Sea Ray.

#9. If the plaintiff is not entitled to damages based on the cost of cover, he is entitled to damages as follows:
Market value of the 1973-25 ft. Chris Craft $9,000
Less contract price (including value of
    18 ft. Glastron) $7,200
                           ———
                          $1,800

Requests #6 and #7 should be denied as incorrect statements of law.

G.L.c. 106, §2-713, which is part of the Uniform Commercial Code, provides that . . . "the measure of damages for non-delivery or repudiation by the seller is the difference between the market price *when the buyer learned of the breach* (emphasis supplied) and the contract price.

Neither the summary of the evidence in the report nor the justice's findings disclose the exact date that the plaintiff learned of the defendant's breach other than that it was previous to March 23, 1974 when the defendant sold the Sea Ray boat to another. Nowhere has the plaintiff introduced evidence as to the market value of the boat on that crucial date and such proof would be necessary for a proper application of the statute.

Request #8 is clearly directed to a finding of fact and not a ruling of law and should be denied. *Davis v. Boston Elevated Railway,* 235 Mass. 482, 494, 495 (1920). *Stella v. Curtis,* 348 Mass. 458, 461 (1965).

Request #9 should also be denied as being inconsistent with the justice's special findings, as well as being premised on the incorrect assumption that the market value to be used in application of the statute is the later selling price and not the market price when the plaintiff learned of the breach.

The justice specifically found as a fact that the plaintiff was not damaged by the defendant's breach. This finding must stand unless the making of it amounts to an abuse of discretion on the part of the trial justice. "An abuse of discretion consists of judicial action that no conscientious judge, acting intelligently, could honestly have taken." *Bartley v. Phillips,* 317 Mass. 35, 43 (1944).

We find no such abuse of discretion and rule that the trial justice's finding that the plaintiff was not damaged was warranted by the evidence as contained in the report.

In view of the result we have reached, we rule that the trial justice's treatment of plaintiff's requests #6 thru #9 was at most a harmless error.

**Report dismissed.**