Jodrey, J.
This is an action upon an account annexed for labor and materials furnished by the plaintiff in the construction of a retaining wall on the defendants’ property. The defendants counterclaimed for damages and attorney’s fees pursuant to G. L. c.93A for the plaintiffs unfair and deceptive practices in violation of G. L. c.93, § 48.
The trial court found for the defendants on plaintiffs complaint. Defendants’ counterclaim was allowed and damages were awarded thereon in the amount of $5,000.00 together with $464.00 costs and $1,250.00 in attorney’s fees.
The report discloses evidence that: On May 24, 1979, the parties made an oral agreement, at the defendants’ home, whereby the plaintiff would construct a retaining wall on land which was adjacent to defendants’ home and owned and used by them for personal, family, or household puiposes. At the time of the agreement, the plaintiff was engaged in the business of building retaining walls. The only written memoranda of the contract were a $500.00 check issued by the defendants and a receipt therefor prepared by the plaintiff. The plaintiff did not give the defendants either written or oral notice of their statutoiy right under G. L. c.93, § 48 to rescind the transaction.
The total contract price for the construction was $2,835.00, one-half of which was to be paid prior to the commencement of work. It was agreed that no work was to be undertaken unless the defendants were at home. An initial deposit of $500.00 was made by the defendants on the date of the agreement. Subsequent to that date, and while the defendants were away on vacation, the plaintiff began construction. The defendants returned home on May 31, 1979, and sometime thereafter made their second and final payment under the contract in the amount of $800.00.
During the course of the plaintiffs performance, the defendants complained to him that: the location of the wall was not as agreed; tree stumps and existing stones had not been removed from the site; damage was done to a leaching field and a type of land fill not conforming to the contract was utilized. The plaintiff denied these charges of contract deviation.
In June, 1979, the plaintiff delivered what he described as fill dirt to the defendant’s home. Defendant Norman Bishop testified that such fill consisted solely of ‘ ‘broken up concrete and hot top.” Alledgedly on the basis of such non-conforming material, the *54 defendant ordered the plaintiff to cease work. Work was in fact discontinued after the defendant informed the plaintiff of problems with environmental regulations.
Approximately $300.00 worth of railroad ties remained on the defendants’ property. The plaintiff testified that the unpaid value of his labor up to the time of the cessation thereof was $685.00, and that his loss of profits totaled $1,535.00.
Witnesses called by the defendants and qualified as experts by the trial court testified that the quality of the plaintiffs work did not satisfy even the ordinary or average standards prevailing in the trade; and that the wall in question was neither built to line or grade nor capable of performing its intended function of holding back soil. Estimated costs for replacing and reconstructing the retaining wall ranged between $4,460.00 and $4,585.00.
The plaintiff contended that his performance was in satisfaction of all requirements of the agreement operative between the parties.
On October 3, 1979, the defendants notified the plaintiff of their rescission of the parties’ transaction under G. L. c.93, § 48. The plaintiff did not, upon receipt of such written notice, refund the defendants’ contract payments or express any intent to reclaim materials. The plaintiff also failed to make a C.93A, § 9 (3) tender of settlement in response to the defendants’ C.93A counterclaim.
The trial justice examined photographs and took a view of the property.
The trial judge made the following findings:
I find for the defendant on all counts of the plaintiffs complaint and also on what purports to be a common count and marked “A” on the complaint. I further find that the plaintiff is entitled to the return of all personal property remaining on the land of the defendant.
As to the counterclaim, the trial judge found as follows:
Count One - I find for the plaintiffs in counter claim in the-amount of $1,300.00.
Count Two - I find for the plaintiffs in counterclaim in the amount of $1,300.00.
Count Three - I find for the plaintiffs in counterclaim in the amount of $1,250.00.
Count Four - 1 find for the plaintiffs in counterclaim in the amount of $1,250.00.
Count Five -1 find for the defendant in counterclaim.
I further find that the plaintiffs in counterclaim are entitled under the provisions of G. L. Chapter 93A, § 9 (4) to costs in the amount of $464.00 and to attorney’s fees in the amount of $1,250.00.
The plaintiff claims to be aggrieved by the court’s rulings on plaintiff s requests numbered 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, and 14.
These requests and the justice’s disposition of the same were as follows:
2. That as a matter of law, the plaintiff did not breach his contract with the defendants. Denied
3. That as amatter of law, the plaintiff substantially performed his contract. Denied
4. That as a matter of law, the plaintiff was unable to complete his contract to build the wall because of an impossibility not caused by the plaintiff or within the contemplation of the parties. Denied.
5. That if there were any modifications in the contract, it was with the express approval of the defendants. Denied.
6. That if there were any modifications in the contract, it was with the implied consent of the defendants. Denied.
7. That the plaintiff completed his work as a matter of law up to the date of his dismissal in good faith. Denied.
*55 9. That the plaintiff has used no deceptive practices on the defendants. Denied.
10. That the plaintiff has used no unfair practices on the defendants. Denied.
12. That the plaintiff has violated no statutory or regulation that could apply to his work on the defendants’ property. Denied.
13. That the defendants have not satisfied the burden of proving their counterclaim either in whole or in part. Denied. I
14. That the plaintiff, as a matter of law, is entitled to the loss of his profits. Denied.
Plaintiffs requests numbered 2, 3, 4, 5, 6, 7, 9 and 10 call for findings of fact and were properly denied by the trial court. A party is not entitled to factual findings as a matter of right in a district court proceeding, Dist./Mun. Cts. R. Civ. P. Rule 52; Ashapa v. Reed, 280 Mass. 514 (1932), unless such findings are legally required, Kaufman v. National Casualty Co. 342 Mass. 412 (1961).
This Division can review only questions of law and not issues involving findings of fact. Conn. Investment Castings Corp. v. Made Rite Tool Co., Inc. 1980 Mass. App. Dec. 67.
Plaintiff’s request number 12 was properly denied as being inconsistent with the judge’s findings, supra.
Plaintiff’s request number 13 seeks a determination as to the sufficiency of the reported evidence to sustain the trial court’s judgment for the defendant’s upon their counterclaim. There was no error in the denial of this request.
Count One of the defendants’ counterclaim properly alleges an effective c.93, § 48 cancellation of the parties’ agreement by the defendants. Section 48 (B) specifically provides for the survival of a consumer’s right to cancel a contract for a three day period which begins to run only upon the adverse party’s compliance with all statutory notice provisions. As the plaintiff herein never satisfied such conditions, the three day cancellation period neither expired nor even commenced to run. The defendants’ October 3, 1979 notice of cancellation was thus both timely and effective as a statutory termination of the parties’ transaction. Continental Products, Inc. v. Oliviera, 1978 Mass. App. Dec. 380.
The plaintiff’s subsequent failure to refund the defendants’ $ 1,300.00 payment under the rescinded contract as mandated by c. 93, § 48 (d) (i) entitled the defendants to a $1,300.00 recovery on Count One.
The plaintiffs multiple violations of G. L. c.93, § 48 constituted per se a violation, pursuant to § 48(f), of G. L. c.93A. The defendants were thus entitled under C.93A, § 9(3) to a recovery in the “amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use of employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated section two. ” It is clear from the court’s award of only the defendants’ actual § 48 damages in the sum of $ 1,300.00 under Count Two of the counterclaim that the trial court did not find that the plaintiffs statutory violations were knowing, willful or made in bad faith.
The trial court’s denial of plaintiffs request number 14 was also proper in view of the plaintiffs violation of G. L. c.93, § 48. No right of the plaintiff to lost profits survived either such statutory violation or other contract breaches. Continental Products, Inc. v. Oliveira, supra. The court’s additional award of attorneys fees was permissible under c.93A, § 9(4). There is no basis in the record for a claim by the plaintiff that such award was unreasonable or excessive in the light of familiar standards for the computation of such damages. See Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978); Hanner v. Classic Auto Body Inc., Mass. App. Ct. Adv. Sh. (1980) 1219, 1221. See also Goes v. Feldman, Mass. App. Ct. Adv. Sh. (1979) 1456, 1466.
Finally, the defendants’ combined recovery of $2,500.00 on Counts Three and Four *56 of their counterclaim for the plaintiff s negligence and breach of contract was warranted upon a rational view of the reported evidence. The measure of damages for breach of a construction contract is the “reasonable cost of completing the contract and repairing the defendant’s defective performance less such part of the contract price as has not been paid .’’Louise Caroline Nursing Home, Inc. v. Dix Constr. Co., 362 Mass. 306, 311 (1972) and cases cited. The court’s designation of the value of the plaintiffs breach as $1,250.00 indicates a proper utilization of such measure of contract damages. (Estimated cost of completing contract, $4,600.00 less contract price of $2,835.00 = $1,764.00). As noted above, the evidence presented in the lower court was more than sufficient to sustain the court’s finding of contract breach and of the plaintiffs negligent damage to the defendants’ property, including a leaching field. The court’s award of $1,250.00 as compensation for the latter under Count Four of the defendants’ counterclaim does not appear to be disproprotionate or excessive.
The plaintiff further claims to be aggrieved by the allowance of defendants’ request for rulings numbered 1,2,3,4,5,6,7,9,10,12,13,15,18, and 19, which requests did not pertain to the measure of damages.a Inasmuch as the defendants prevailed in this action, the trial judge could have treated these requests as waived or withdrawn and the plaintiff would not be aggrieved thereby. Kravetz v. Lipofsky, 294 Mass. 80, 85 (1936). Bangs v. Farr, 209 Mass. 339, 344 (1911). But if such requests are made and acted upon, the opposing party is entitled to a review of the correctness of the rulings even if he had filed no requests of his own. Muto v. Deslauriers, 292 Mass. 405 (1935). See Perma-Home Corp. v. Nigro, 346 Mass. 349, 354 (1963).
An exhaustive consideration, however, of the fourteen rulings allowed by the trial court at the request of the defendants’ and now challenged by the plaintiff is unnecessary. Each of these requests advances a sound proposition of consumer or contract law as the case and statutory citations incorporated into each request make clear.
There being no error, the report is dismissed.

So ordered.

 Even where a party prevails, his requests pertaining to the measure of damages must be acted upon. DiPerrio v. Holden, 341 Mass. 342,343 (1960). Maxwell v. Norwood Marine, Inc., 58 Mass. App. Dec. 59 (1976).