Forte, J.
This is an action to recover actual and punitive damages for the defendants’ alleged breach of contract, negligence, misrepresentation and violations of G.L.c. 93A in their contractual inspection of a home for the then prospective buyers, the plaintiffs. After purchasing the property, the plaintiffs discovered termite infestation and damage to the porch, sills and other structural members of the house. At the close of the evidence, the plaintiffs filed requests for “Conclusions of Law” and requests for “Rulings on Findings of Fact.” The court treated the plaintiffs’ requests as not applicable (“N/A”).
The trial court found for the plaintiffs on the negligence count and for the defendants on the remaining three counts. The court also made the following findings of fact:
The plaintiffs (homeowners) and the defendants entered into a contract for ahorne inspection prior to the purchase of the home. The purchase/sales agreement contained a provision giving the purchaser the right to withdraw if, after inspection, the property was found to be in an unsatisfactory condition. The defendants’ report disclosed no unsatisfactory conditions. The plaintiffs purchased the property. Subsequently termites were discovered in the porch and basement sill area.
The court finds that at the time of the inspection there was a termite infestation, that the defendants failed to conduct a visual inspection in a reasonably prudent manner and that an average qualified inspector in the factual circumstances of this case would have discovered the infestation.
The plaintiffs, had they known about the infestation, would have either terminated the agreement or renegotiated the sales price.
The court further finds that the infestation was beyond rehabilitation by treatment or repairs and that the plaintiffs be compensated to the extent that the premises be put in the condition defendants reported the same to be in on the date of the report.
Aggrieved by the trial court’s finding for the defendant on their claim for G.L.c. 93A damages, the plaintiffs requested a report to this Division based on a charge of error in the court’s failure to act upon the plaintiffs’ requests for rulings of law.
*20 The court’s non-action on the plaintiffs’ requests amounted to a denial of each requestfor ruling of law.[3] Caccavaro v. American Motorists Ins. Co., 355 Mass. 782, 797-798 (1969). Such denial constituted error as to the counts alleging breach of contract, misrepresentation and G.L.c. 93A unfair acts and practices.
Among the plaintiffs requests for rulings of law were the following:[4]
8. The evidence warrants a finding that as a result of the inaccurate, incomplete and negligent inspection which they conducted, the defendants substantially breached their contract with the plaintiffs.
10. The evidence warrants a finding that the defendants breached their contract with the plaintiffs, and that as a result of said breach of contract, the plaintiffs were harmed and caused to suffer damages.
11. The evidence warrants a finding that the defendants misrepresented the condition of the property to the plaintiffs upon completion of the home inspection.
15. The evidence warrants afinding that the plaintiffs reasonably relied upon the defendants’ misrepresentations as to the condition of said premises, and as a result, said plaintiffs were caused to be harmed and to suffer damages.
26. The evidence warrants a finding that the plaintiffs are consumers within the meaning of G.L.c. 93A
27. The evidence warrants a finding that the defendants are persons within the meaning of G.L.c. 93A, §9, who engage in the conduct of trade or commerce.
28. The evidence warrants afinding that the defendants engaged in unfair or deceptive acts or practices in the conduct of their business in dealing with the plaintiffs.
29. The evidence warrants afinding that the defendants acted in bad faith and in violation of G.L.c. 93A in dealing with the plaintiffs.
Each of these requests for rulings of law sought a determination that evidence was introduced to warrant its predicate finding of fact. Barton v. Cambridge, 318 Mass. 420, 424 (1945); Kelleher v. Pleasant Valley, Inc., 51 Mass. App. Dec. 109, 115 (1978).The denial of such requests constituted a ruling of law that no evidence was introduced to warrant or permit a finding for the plaintiff on Counts 1, 3 and 4. Rummel v. Peters, 314 Mass. 504, 517 (1973); Bresnick v. Heath, 292 Mass. 293, 296 (1935). The report to this Division clearly indicates, however, that these requests should have been allowed rather than denied. The report states:
*21 At the trial the plaintiffs presented evidence tending to show that: (a) there was a contract between the parties, (b) there was a breach of the contract by the defendants, (c) the defendants were negligent in their inspection and preparation of the inspection report, (d) the plaintiffs relied on said report in deciding to purchase the properly, (e) had the plaintiffs known of the true condition of the property, in particular, the damaged sill and porch structures, they may well not have completed the purchase transaction .... (g) the defendants misrepresented their qualifications, as well as the condition of the home, (h) the actions of the defendants, including their negligent inspection and failure to disclose the true condition of the property, were unfair or deceptive acts or practices in violation of c. 93A,... Q) a thirty (30) days demand letter pursuant to c. 93A was sent to the defendants by certified mail, was received by said defendants and that the defendants failed to grant relief upon said demand..
Accordingly, the trial court’s judgment for the plaintiff on count 2 is affirmed. The courfis judgment for the defendants on counts 1,3 and 4 is hereby vacated, and these counts are returned to the Woburn Division for a new trial.
So ordered.

 On August 7,1990, the trial court sua sponte amended its findings and ruled on the plaintiffs’ initial six (6) requests for rulings of law. There was no authority for such action taken more than ten days after judgment. Dist./Mun. Cts. R. Civ. P., Rule 52 (b). Moreover, the court still did not rule on the plaintiffs’ remaining requests for rulings of law.

 Although the requests for rulings of law we examined were filed under the heading “Rulings on Findings of Fact”, the “nature [of a requestfor ruling) must be determined from its essentials and not from its name” or caption. Castano v. Leone, 278 Mass. 429, 431 (1932). See also, e.g., Gibbons v. Denoncourt, 297 Mass. 448, 457 (1937).