GEORGETOWN SAND & GRAVEL CO., INC. *vs.* ROBERT L. BURR & others.

Essex.    January 7, 1959. — April 3, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Contract,* Parties.   *Corporation,* Corporate entity.

Facts found by a master warranted conclusions that the customer to whom the plaintiff furnished labor and materials, pursuant to negotiations with two of three individuals who, after doing business as partners, mistakenly believed that they had formed a corporation of a certain name and continued to do business under that name for nearly two years, when a corporation with substantially that name actually was formed, was whatever entity constituted their business concern from time to time, including the corporation when formed, and that items furnished by the plaintiff after the formation of the corporation were furnished to it and not to them or the partnership.

BILL IN EQUITY, filed in the Superior Court on July 30, 1957.

The suit was heard by *Lurie, J.,* on a master's report.

*Edward H. J. Wilson,* for the plaintiff.

*Alfred C. Walton,* for the defendants Burr and others.

*Francis B. Kenney, (James A. Sullivan* with him,) for the defendant Avery.

*Ralph H. Willard, Jr., Raymond P. Dellinger, William F. Hayes, William G. Day, & John H. Wollenhaupt,* for various defendants, and *Allen D. Gilchrist & Ruth M. Gilchrist,* pro se, were present but did not argue.

*Taylor B. Yeakley, John E. Murphy, & C. Atherton Holmes,* for various defendants, submitted a brief.

WHITTEMORE, J. The plaintiff has appealed from a final decree under a bill to reach and apply which adjudges that the principal defendants are not indebted to the plaintiff and adjudges the validity of certain deeds and mortgages which had been put in issue by the suit and orders certain conveyances to make clear the record titles under these instruments. The facts are set out in a master's report. There was no error.

The three principal defendants (hereinafter, the defendants) were doing business in 1952 as a partnership. In April, 1953, under the direction of an attorney they did those things which caused them to believe that a corporation had been formed. Thereafter they continued to do business as Web Construction Co. believing that was the name of their incorporated business.

The articles of organization were not filed until nearly two years later, February 8, 1955, and the papers then filed were changed so that the name was Web Construction Company, Inc., but the defendants did not know this and continued to do business as Web Construction Co. except that by error one of the two banks used by the company furnished checks in the name of "Web Construction Company."

In 1953, Web Construction Co. purchased real estate and gave a mortgage with accompanying certificates purporting to show it to be a corporation. In October, 1954, Web Con-

struction Co. purporting still to act as a corporation took title to other land and beginning February 8, 1955, acting as though a corporation, made conveyances out of the real estate so acquired. Mortgages to various mortgagees were given by the purchasers. Another parcel was acquired by "Web Construction Co., a corporation," in May, 1955, and similar conveyances and mortgages of parts of this land followed. The owners and mortgagees of these parcels were made parties defendant and the plaintiff sought to reach the real estate as property of the principal defendants. The master found and the final decree adjudicates that all the deeds and mortgages were in good faith and for valid consideration. The master found that the moneys received for the conveyances were put in the "corporate" account and used for "corporate" purposes.

The plaintiff furnished work and material to "either the partnership, the principal individual defendants or the corporation" from the end of November, 1954, until December of 1956. The plaintiff negotiated with two of the individual defendants. The plaintiff made no inquiry as to whether its customer was a partnership or a corporation or what its form was. Its principal officer did not know whether it was a corporation or a partnership and did not ask. The delivery slips from the plaintiff read "Webb Const. Co.," "Webb Const.," "Web Const.," "Webb Construction Co.," "Webb," "Webb Job," and "Webb Estate." Checks in payment were of "Web Construction Co." or, on one bank, "Web Construction Company" and were signed by either "president" or "treasurer." The corporation ceased business January 1, 1957. The plaintiff on March 25, 1957, sued Web Construction Co., a corporation. On July 11, 1957, the corporation was adjudged bankrupt. The plaintiff has been paid for all items in the period through September 21, 1955.

On these facts we think the judge could conclude that the plaintiff was doing business from time to time with whatever entity or entities constituted Web Construction Co. There is no question that that entity was a corporation on

and after September 21, 1955. The use of the name "Web Construction Co." did not mean that the corporation Web Construction Company, Inc., was not the contracting entity. There was no error in the implied ruling that the sales for which recovery is sought in this suit were to the corporation.

It was appropriate, the various parties at interest being before the court, for the decree so to adjudicate and order action as to clear the titles acquired in the period when the facts as to "Web Construction Co." left doubt as to the reality underlying the name.

*Decree affirmed.*