**Kenneth BRENNER**
**and**
**Robert Cavanaugh, Plaintiffs,**
**v.**
**Herbert RUBIN, doing business as New York Toy and Game Mfg. Co., Defendant.**
**Civ. A. No. 64–654.**

United States District Court
D. Massachusetts.
March 8, 1965.

Gerald M. Lewis, Steinberg, Shaker & Lewis, Lawrence, Mass., for plaintiffs.

John Litwack, Gerard D. Goldstein, Widett & Kruger, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201–209, to recover unpaid minimum and overtime wages.

The defendant has moved to dismiss on the grounds that the court lacks jurisdiction over his person, that process was insufficient and venue is improper.

From the papers, affidavits and briefs filed by both parties, it appears that the United States Marshal, several times, tried unsuccessfully to serve the defendant personally. Service was finally made on the Clerk of the City of Lawrence, in accordance with ch. 227 § 5A, Mass.G.L. (Ter.Ed.).[1] Somewhat over a week after

1. Ch. 227 § 5A, Mass.G.L. (Ter.Ed.) "Appointment of agents and filing of certificates by certain non-residents; notice of action; continuance

"Except as provided in section five, every non-resident doing business in the commonwealth shall file a certificate with the clerk of each city or town where he does business, setting forth his full name, address and place of business and the trade name under which he does business, and also a statement whereby he appoints the clerk of each such city or town, or his successor in office, his true and lawful agent upon whom all lawful processes may be served in any action

such service, the plaintiffs sent a copy of the process by registered mail to the defendant, as required by the statute.

■ The defendant states, however, that he is not a resident of Massachusetts and has not since January 1, 1964 done business here as an individual; and he, therefore, argues that the attempted service under section 5A is invalid and without effect. The plaintiffs, on the other hand, relied on the fact that a business certificate pursuant to ch. 110 § 5, Mass. G.L. (Ter.Ed.) was on file with the City Clerk and that no statement of discontinuance had been filed as required by the statute in the event a business is discontinued. But this certificate is irrelevant to the question of the validity of service of process. Whenever a statute of the state in which the district court is held provides for service upon a party not an inhabitant of or found within the state, Rule 4(e) of the Federal Rules of Civil Procedure permits such service "under the circumstances and in the manner prescribed in the statute * * *." Ch. 227 § 5A, Mass.G.L. (Ter.Ed.) provides that every non-resident doing business in the Commonwealth shall file a statement whereby he appoints the clerk of the city or town wherein the business is operated his agent for service of process; and if he fails to file such a statement, service may, nonetheless, be made upon the clerk. The statute is limited, as

it must be, to a person doing business at the time the service is made. I, therefore, rule that the attempted service was ineffective and this court does not have jurisdiction over the defendant.

■ From the defendant's affidavit, it is also clear that venue is improper,[2] and the question remains whether this action should be dismissed or transferred under 28 U.S.C. § 1406 as interpreted in Goldlawr v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In that case the Supreme Court upheld a transfer even though the transferring court had not obtained personal jurisdiction over the defendants, saying that section 1406(a) was designed to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." 369 U.S. at 466, 82 S.Ct. at 915.

■ The plaintiffs did not err because they guessed wrong, but because the defendant misled them by his failure to file a statement of discontinuance as required by ch. 110 § 5, Mass.G.L. (Ter. Ed.). Therefore, this case should, in the interest of justice, be transferred to the United States District Court for the Southern District of New York, and it is so ordered.

arising out of such business in this commonwealth. If such person fails to appoint an agent and does business in this commonwealth, service of process may be made upon the clerk of any city or town where such business is conducted. When legal process against any such person is served upon such clerk, a copy of such process shall forthwith be sent by registered mail with a return receipt requested by the plaintiff to the defendant at his last known address. The plaintiff's affidavit of compliance herewith, and the defendant's return receipt, if received by the plaintiff, or other proof

of actual notice shall be filed in the case on or before the return day of the process or within such further time as the court may allow. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action. As amended St.1964, c. 413."

2. 28 U.S.C. § 1391(b) provides "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."