MALDEN DOOR AND WINDOW COMPANY *vs.* NORMAN M. Goss. May 7, 1968. The report was rightly dismissed by the Appellate Division. Prior to December 3, 1962, the defendant Goss was associated in a partnership with Bernard P. Pearce, called Pearce and Goss Company. Early in December, 1962, the partnership was dissolved and a corporation was formed under the name Pearce and Goss Co., Inc., with Goss as president and treasurer and the same personnel. The plaintiff, not directly informed of the incorporation, continued an account on its books with "Pearce & Goss" in the belief that it was a partnership. The action was brought on invoices dated from October, 1963, through April, 1964. In this period the plaintiff extended nearly $5,000 in credit and a balance of $2,693.22 was outstanding when action was brought against Goss. It was not error for the judge to find that there was no intention on the part of Goss or Pearce to mislead the plaintiff and that it should have been aware of the fact that it was doing business with a corporation rather than a partnership. See *Phipps* v. *Little*, 213 Mass. 414, 417. The evidence tended to show that trade business cards were seasonably distributed indicating the corporation; the telephone listing was changed; the corporation's truck, clearly inscribed with its name, was driven to the plaintiff's place of business on several occasions and was seen by the plaintiff's manager and chief shareholder. The plaintiff's ledger shows sales and payments in December, 1962, sales from time to time in 1963, and payments in January, June, July, August and September, 1963. Two of the corporation's checks were in evidence, making payments on account in February, 1964, totaling $2,000. The plaintiff's manager testified that he did not pay too much attention to names. The partnership business certificate (G. L. c. 110, § 5) which was never withdrawn did not estop the defendant from showing the partnership had ended. *Hanzes* v. *Flavio*, 234 Mass. 320, 328. *Hall* v. *Rubin*, 240 F. Supp. 470 (D. Mass.). It did not appear that the plaintiff actually relied on the certificate. The judge was not obliged to find that the signing by employees of invoices made out ambiguously to "Pearce & Goss" created contracts with the partnership. The requests are appropriately reviewed in the opinion of the Appellate Division.

*Order dismissing report affirmed.*

*Maurice Goldstein* for the plaintiff.
*Donald L. Conn* for the defendant.