Irving P. ROSEN, individually and as father and natural guardian of Linda Rosen, an infant over the age of fourteen years, Plaintiffs,

v.

Mendel S. SOHN, Carmen Saia, and Peter Saia, Defendants.

No. 68 CIV. 2576.

United States District Court
S. D. New York.

Aug. 20, 1968.

---

Vincent J. Catalfo, New York City, for plaintiffs.

Zepnick & Director, New York City, for defendant Sohn.

## MEMORANDUM

TENNEY, District Judge.

Defendant Mendel S. Sohn, appearing specially, moves to dismiss the complaint and to quash service of process on the ground that the Court has no jurisdiction in that he is not subject to service of process in this District. After due consideration, the motion is granted.

The complaint alleges that plaintiffs are citizens of New York (¶ 1), that defendant Sohn is a citizen of Pennsylvania (¶ 2) and that defendants Carmen and Peter Saia are citizens of New Jersey (¶ 3). It is not disputed that service by a United States Marshal was made on the defendant Sohn at his home in Middletown, Pennsylvania. This litigation arises out of an automobile accident on a Pennsylvania highway.

Undoubtedly, this Court has subject matter jurisdiction of this matter.

28 U.S.C. § 1332(a). However, it is equally clear that personal jurisdiction over the defendant Sohn is lacking. Rule 4(d) (7) of the Federal Rules of Civil Procedure provides that service of process may be made "in the manner prescribed by the law of the state in which the district court is held * * *." Article 3 of the New York Civil Practice Law and Rules provides the method for service upon non-domiciliaries of the State of New York. It is apparent that this Article would not justify the service in the instant case nor would § 253 of the New York Vehicle and Traffic Law, McKinney's Consol.Laws, c. 71 (accidents on New York roads). Indeed, a statute allowing such service would be constitutionally unsound. Bookout v. Beck, 354 F.2d 823 (9th Cir. 1965).

Plaintiffs argue that New York is the most convenient forum for the parties but this argument presupposes the very issue raised by Sohn, to wit, the jurisdiction over this defendant. Ibid.

It is requested by plaintiffs that if this Court finds that it has no jurisdiction, then it should transfer the case to a district court in New Jersey or Pennsylvania. Indeed, if venue is proper in those districts, this Court may do so even though it lacks jurisdiction. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). 28 U.S.C. § 1404(a) provides that a civil action may be transferred to any other district where it might have been brought. 28 U.S.C. § 1391 provides that where jurisdiction is founded upon diversity of citizenship, venue is proper "in the judicial district where all plaintiffs or all defendants reside." Since all defendants do not reside in the same district, the case is not properly transferrable to either.

Accordingly, and for the foregoing reasons, defendant Sohn's motion is granted and the complaint against said defendant is dismissed.

Settle order on notice.