Patricia A. MULCAHY, Admrx. o/Est. of
Timothy F. Mulcahy, Plaintiff,

v.

Steven C. GUERTLER, Defendant.

Civ. A. No. 75–4555–J.

United States District Court,
D. Massachusetts.

July 13, 1976.

Frederick R. Cronin, Lynn, Mass., for plaintiff.

Alden Holford, Thomas D. Burns, Burns & Levinson, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

JULIAN, Senior District Judge.

██ Plaintiff, administratrix for the estate of Timothy F. Mulcahy, brings this wrongful death action against the defendant, Steven C. Guertler. Plaintiff's complaint alleges that on June 9, 1975, the defendant, while negligently operating a motor vehicle in the vicinity of Pope Air Force Base, North Carolina, caused a collision to occur between his vehicle and one operated by the decedent, Timothy F. Mulcahy, and that as a result of this collision Timothy F. Mulcahy died. Subject matter jurisdiction is found pursuant to 28 U.S.C.

§ 1332, since the plaintiff is a resident of Massachusetts, the defendant is a resident of North Carolina, and the matter in controversy exceeds the sum of ten thousand dollars. Venue is properly laid in this court pursuant to 28 U.S.C. § 1391(a).

The defendant moves to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over his person and insufficiency of process. The plaintiff, apparently conceding this Court's lack of personal jurisdiction over the defendant, petitions for a transfer of the case to North Carolina pursuant to 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a).[1] After a hearing on these motions the Court took the matters under advisement.

██ Rule 4(d)(7) and 4(e) of the Federal Rules of Civil Procedure provide for service upon a party, not an inhabitant of, or found within the state in which the district court is held, in a manner prescribed by state law. The defendant was served at Pope Air Force Base in North Carolina by the Marshal's office located in Raleigh, North Carolina. As noted above, the defendant is a resident of North Carolina and the collision is alleged to have taken place in North Carolina. Accordingly, this Court does not have jurisdiction over the defendant by reason of Massachusetts' long-arm statute, M.G.L. ch. 223A, § 3, or otherwise, and service of process on the defendant in North Carolina was insufficient.[2] We must therefore determine whether the complaint should be dismissed, or whether a transfer is permissible and proper under either, or both, 28 U.S.C. §§ 1404(a), 1406(a), given

---

1. 28 U.S.C. § 1404(a) reads as follows:
    "§ 1404. *Change of venue*
    "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
    28 U.S.C. § 1406(a) reads as follows:
    "§ 1406. *Cure or waiver of defects*
    "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

2. M.G.L. ch. 223A, § 3, provides:
    "§ 3. *Transactions or conduct for personal jurisdiction*
    A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
    (a) transacting any business in this commonwealth;
    (b) contracting to supply services or things in this commonwealth;
    (c) causing tortious injury by an act or omission in this commonwealth;
    (d) causing tortious injury in this commonwealth by an act or omission outside this

the fact that the venue is correct in this case but personal jurisdiction over the defendant cannot be obtained.

In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Supreme Court held that the power of a district court to transfer a case under 28 U.S.C. § 1406(a) does not depend upon the acquisition of personal jurisdiction over the defendant. *Goldlawr* involved a private antitrust action against various persons and corporations brought in the Eastern District of Pennsylvania. Since the defendant corporations were not inhabitants of, or "found," or transacting business in Pennsylvania, venue was improper there under § 12 of the Clayton Act, 15 U.S.C. § 22; and the extraterritorial service of process provision of § 22 similarly was unavailable to the plaintiff. Noting that a dismissal would have resulted in the plaintiff's loss of a substantial part of its cause of action under the statute of limitations, and that § 1406(a) was enacted to avoid the injustice of dismissal merely because of "an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn," the Supreme Court ruled that a transfer should have been allowed pursuant to § 1406(a). 369 U.S. at 466, 82 S.Ct. at 915.

While *Goldlawr* involved a case where both venue and personal jurisdiction over the defendant did not lie, subsequent decisions have allowed transfers under either § 1404(a) or § 1406(a) in cases where venue is proper but where the Court lacks personal jurisdiction over the defendant. Indeed, in *Hohensee v. News Syndicate, Inc.*, 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed.2d 273 (1962), a companion case to *Goldlawr*, the Supreme Court vacated a lower court judgment refusing transfer under § 1406(a) in just such a case, and "remanded for consideration in light of *Goldlawr* . . . ." 369 U.S. at 659, 82 S.Ct. at 1035. Transfers pursuant to § 1404(a) have been allowed in these cases under the theory that § 1404(a) is more than a mere codification of the doctrine of "forum non conveniens," and that when it is in the interest of justice, the plaintiff's inability to obtain effective service of process on the defendant may be considered as a factor justifying a transfer "for the convenience of parties and witnesses," in light of the *Goldlawr* opinion.[3] 28 U.S.C. § 1404(a). Courts relying upon § 1406(a), in cases where the venue is proper, have reasoned that venue is "wrong" within the meaning of § 1406(a) where the first forum chosen is improper in the sense that the litigation cannot proceed there for failure to acquire personal jurisdiction over the defendant.[4] These courts construe the language of § 1406(a) broadly, where it is in the interest of justice to do so, in order to effectuate the Supreme Court's determination in *Goldlawr* that § 1406(a) was enacted

commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e) having an interest in, using or possessing real property in this commonwealth; or

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting."

3. See *United States v. Berkowitz*, 328 F.2d 358 (3 Cir. 1964), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Koehring Company v. Hyde Construction Company*, 324 F.2d 295 (5 Cir. 1963); *Alabama Great Southern R. Co. v. Allied Chemical Co.*, 312 F.Supp. 3 (E.D. Va.1970); *Rosen v. Sohn*, 289 F.Supp. 958 (S.D. N.Y.1968); *Teets v. Hawker*, 278 F.Supp. 834 (N.D.W.Va.1968); *Founds v. Shedaker*, 278 F.Supp. 32 (E.D.Pa.1968); *McKee v. Anderson*, 272 F.Supp. 684 (W.D.Mo.1967); *Color Tech-*

*nique, Inc. v. Don Wallace, Inc.*, 241 F.Supp. 952 (N.D.Ill.1965); *Callan v. Lillybelle, Ltd.*, 234 F.Supp. 773 (D.N.J.1964). *Contra, United States Ry. Equip. Co. v. Port Huron & Detroit R. Co.*, 58 F.R.D. 588 (N.D.Ill.1973), *rev'd on other grounds*, 495 F.2d 1127 (7 Cir. 1974); *Total Sound, Inc. v. Universal Record Distributing Corp.*, 286 F.Supp. 123 (S.D.N.Y.1968).

4. See *Taylor v. Love*, 415 F.2d 1118 (6 Cir. 1969), *cert. denied*, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8 Cir. 1967); *Dubin v. United States*, 380 F.2d 813 (5 Cir. 1967); *Janus v. J. M. Barbe Co.*, 57 F.R.D. 539 (N.D.Ohio 1972); *Robinson v. Carroll*, 318 F.Supp. 527 (M.D.N.C.1970); *Ferguson v. Kwik-Chek*, 308 F.Supp. 78 (D.C.V.I.1970); *Teets v. Hawker*, 278 F.Supp. 834 (N.D.W.Va.1968); *Rozell v. Kaye*, 276 F.Supp. 392 (S.D.Tex.1967); *Peoples Bank & Trust Co. v. Rue*, 210 F.Supp. 952

for the purpose of removing "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." 369 U.S. at 466–67, 82 S.Ct. at 916.

Assuming that either, or both, of these provisions authorize a transfer where venue is improper and where the transferring court has not obtained personal jurisdiction over the defendant, a matter not previously decided in this circuit, we hold that a transfer would not be in the interest of justice in this case.

The burden is on the moving party, in a motion for a transfer pursuant to § 1404(a), to establish that the convenience of the parties, and of the witnesses, as well as the interests of justice, will be better served in the transferee court. *Bethlehem Steel Corp. v. Tishman Rlty. & Co., Inc.,* 404 F.Supp. 1285 (S.D.N.Y.1975). The exercise of the power to transfer a case under § 1404(a) rests within the Court's discretion. *Zerance v. William Harvey Research Corp.,* 401 F.Supp. 804 (E.D.Pa.1975). In this case the plaintiff has failed to introduce *any* evidence tending to satisfy her burden of proof, thereby inviting the Court to base its decision merely upon its own speculations.[5] This we will not do. Accordingly, the plaintiff's motion for a transfer pursuant to § 1404(a) is denied.

With respect to the plaintiff's motion for a transfer under § 1406(a), the plaintiff has furnished no reason why it would be more in the interest of justice for this Court to transfer the case rather than to dismiss it. In each instance in which a transfer has been granted pursuant to § 1406(a), where the venue was proper but personal jurisdiction over the defendant was wanting, the plaintiff faced a loss of his cause of action due to the operation of the applicable statute of limitations.[6] In this case, however, nearly a year remains before the expiration of North Carolina's two-year statute of limitations for wrongful death actions. General Statutes of North Carolina ch. I, § 1–53. Moreover, the Supreme Court in *Goldlawr* dealt with a plaintiff's "erroneous guess with regard to the existence of some elusive fact."[7] "It is obviously not 'in the interest of justice' to allow this section to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." *Dubin v. United States, supra,* n. 4, at n. 5, p. 816. In contrast to the plaintiff in *Goldlawr,* the plaintiff in this case either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected over the defendant in this district. See *Hall v. Rubin,* 240 F.Supp. 470 (D.Mass.1965). Hence, the plaintiff's motion to transfer under § 1406(a) is denied.

As this Court has no jurisdiction over the person of the defendant, defendant's motion to dismiss is granted pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, without prejudice to plaintiff's right to bring her action in the proper district.

*It is so ordered.*

---

(N.D.Iowa 1962). *Contra, Selsby v. Vecchione,* 216 F.Supp. 207 (S.D.N.Y.1963).

**5.** The factors to be considered in a determination of a motion to transfer pursuant to § 1404(a) include: the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining the attendance of unwilling witnesses, the possibility of obtaining a view of the premises if a view is deemed appropriate, the enforceability of a judgment if one is obtained, and the congestion of the court dockets. See *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

**6.** See cases cited, *supra,* n. 4.

**7.** The defendant corporations in *Goldlawr* were subsidiary corporations which provided a central bookkeeping and service department for a parent corporation, operating in Pennsylvania through other wholly owned subsidiaries. The district court ruled that the business transacted in Pennsylvania was insufficient to warrant a holding that the defendants were doing business there for venue purposes. *Goldlawr, Inc. v. Shubert,* 169 F.Supp. 677 (E.D.Pa.1958).