McGuane, J.
This is an action of misrepresentation in which plaintiffs seek to recover for the costs of a private septic system against the defendants.
The plaintiffs were buyers of a home from the defendants.
The defendants cross-claimed against the brokers, Landry and Lyons.
The Trial Court made the following findings of fact.
This is an action for misrepresentation against the defendants Whitaker (Count I) and against the defendant Landry and Lyons Realtors, Inc. (Count II) resulting from the purchase by the plaintiffs of a single family dwelling from the defendants. In essence the defendants Whitaker deny the allegations of the Complaint and allege that the defendant Landry and Lyons Realtors, Inc. are responsible if any misrepresentation was made. The defendants Whitaker and Landry and Lyons Realtors, Inc. filed Requests for Rulings of Law.
Based upon all the evidence, both testimonial and documentary, and the reasonable inferences to be drawn therefrom, I find as follows:
1. The defendants Whitaker purchased the premises at 39 Knollwood Drive, East Longmeadow, Massachusetts as a newly built home in 1952.
2. The premises are a four-bedroom single family dwelling. The sewage disposal system is an on-site septic tank and leach field. The septic tank has a capacity of 600 gallons and the field has a length of 115 feet.
3. The Whitakers used the premises without a major incident but did use extreme caution during their period of occupancy. Periodically, they would experience slow drainage but this would be resolved by use of a snake, so-called, in the drain pipe.
4. On February 10, 1981, a listing agreement was entered into with the Whitakers and Landry and Lyons Realtors, Inc. Landry and Lyons Realtors, Inc. is a real estate brokerage firm which in essence employs as agents a Margaret Colville and a Mary Coughlan. The listing agreement indicated the sewer system was private. All listing notices including those given to the plaintiffs indicated a private system. None of the defendants ever indicated in any way to the plaintiffs that the system was public. Plaintiffs were at all material times to May 17, 1981, under the assumption that the system was served by a municipal connection.
5. On March 19,1981, a purchase and sale agreement for the premises was *50 executed by the. parties.
6. On March 20, 1981, the slow drainage re-occurred. All the pipes were reamed but the drainage was still not satisfactory. Blanchard Septic Service, a professional septic tank pumping service, was called and pumped the tank on April 15,1981. The tank was substantially filled at that time. Mr. Whitaker was advised by the tradesman that came to the site that if there was a problem with the septic field it would become obvious when the tank was again filled.
7. On May 16, 1981, the Whitakers moved from the premises. There had been no difficulties with the system since the cleaning to the time of moving.
8. On May 17,1981, the plaintiffs visited the premises and were informed by a neighbor as to the location of the septic system. The plaintiffs immediately called the broker, Margaret Colville, to verify if the system was public or private. Mary Coughlan called Mr. Whitaker who advised that the system had been pumped and the pipes reamed and that it had worked fine since that time. Mary Coughlan called Margaret Colville and Margaret Colville called the plaintiffs and advised that the Whitakers had stated they had the system pumped for the buyers’ convenience.
9. The plaintiffs moved in on June 13,1981 and noticed aseptic difficulty in early August with a back-up and odor. These conditions got worse and the system was again pumped by Blanchard.
10. On November 3, 1981, the Blanchard Septic Service was again called. The tank was filled and the effluent was running back. The reason for the malfunction was that the ground surrounding the leach field was saturated and would no longer accept effluent. This situation is not one that develops quickly but gradually over a long time.
11. A percolation test failed so that another field could not be installed. The only alternative was connections with a pump to the municipal system. The fair and reasonable cost to do this was $3,850.64.
In order for a plaintiff to recover in an action of deceit, he must prove.
1. That the misrepresentation was as to a matter of fact.
2. That it was made with the intention to induce another to act upon it.
3. That it was made with knowledge of its untruth.
4. That it was intended that it should be acted upon and it was.
5. That damage directly resulted therefrom.
The elements necessary to maintain an action in deceit are summarized in Reinstatement of Torts, § 525: “One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation.”
The dates and chronology in this case are important. On February 10,1981, the defendant listed his property for sale with Landry and Lyons Realtors, Inc.
On March 19, 1981 a purchase and sale agreement was signed by the parties. Under the terms of the agreement the buyers (plaintiffs) had a right to inspect the property until March 31,1981, and on March 8,1981 did inspect said property. The listing agreement indicated the septic system was a private system.
There is no evidence that there was ever any representation or misrepresentation made by the sellers to induce the buyers to sign the sales agreement. There was no reliance on the part of the buyers.
*51 As the defendant points out after the execution of the agreement the buyers were to pay for the property and the sellers were to deliver a good and clear title.
Where there is no evidence of detrimental reliance no actionable misrepresentation will lie. Alblondi v. Chase, 11 Mass. App. Ct. 902 (1981).
We are also concerned as to the findings of the Court of any misrepresentations. It appears from the Court’s findings that the defendant made truthful statements at all times concerning the septic system.
Since we find that the plaintiffs in this case did not establish a prima facie case, we find prejudicial error and the judgment for the plaintiffs is vacated and order judgment for the defendants be entered.