Lenhoff, J.
These proceedings arise from the sale and purchase of building materials during a time period commencing July 9,1982 and ending October 13, 1982 wherein the plaintiff seeks to recover therefor the sum of $32,682.02. The defendant denied being indebted to the plaintiff, contending that the debt was incurred by a corporate entity.
The evidence reported discloses that the individual defendant did business with the plaintiff prior to the formation of a corporaton in May of 1979 bearing the name “J. W. Clark Construction Co., Inc.”; that the plaintiffs invoices and statements read “James Clark”, “J.W. Clark” and “J.W. Clark Construction Co.”; that mailings were addressed to “James W. Clark” or “J.W. Clark Construction Co.”; that between February 17,1981 and October, 1982, the plaintiff received thirteen (13) checks in payment on account with the name “J.W. Clark Construction Co., Inc.” printed thereon; that a check bearing the name “Adrian Joinery, Inc.” was also received in payment on this particular account; that after the last purchase on October 13, 1982, a notation appeared in the plaintiffs records of “J.W. Clark Construction Co., Inc.” which was a receipt dated October 27,1982; and, that in a letter from the plaintiff to the defendant’s attorney, dated July 15, 1983, the plaintiff used the name “J.W. Clark Construction Co., Inc.”.
In addition to the foregoing, we take the liberty of coupling the following additional evidence set forth in the Trial Court’s findings that appears to have been intended for our complete review by said Court:[1]
In the fall of 1982, the defendant was asked by the plaintiff to sign a personal guarantee for the sum claimed due or give the plaintiff a mortgage as security for the debt.
The Trial Court, in consequence of all the evidence produced, found for the defendant and clearly revealed that corporate liability for the sum sought by the plaintiff had been established.
The plaintiff now seeks Appellate Division consideration, being aggrieved by the denial of its Requests for Rulings numbered 3, 5, 11, 12, 16(b), 17 and 18; by the denial of its Motions to Correct an Inconsistency, to Amend or Alter Judgment; and, for a New Trial plus the allowance of the Defendant’s Requests by implication[2], in the light of the Trial Court’s considering them as *19 “waived”.
The claimed grievances resulting from the plaintiffs denied requests and motions, in effect, urges the determination that a finding, on the evidence, is required for the plaintiff as against the defendant individually, or, that the Trial Court’s finding for said defendant was not permissible.
The only issue for the Trial Court was to ascertain individual versus corporate liability. This is a factual question for Trial Court resolution. Powers v. Macris, 314 Mass. 260, 262 (1943).
This tribunal’s sole task is to determine whether on the evidence with all rational inferences to be drawn therefrom, the Trial Court’s findings can be sustained. Barttro v. Watertown Square Theatre, Inc., 309 Mass. 223, 224 (1941). If the record reveals there be any evidence to support the findings, they thereby become conclusive and cannot be disturbed. Heil v. McCann, 360 Mass. 507 (1971); Moss v. Old Colony Trust Company, 246 Mass. 139, 143-144 (1923).
The Trial Court found as a fact that the goods were sold to the corporation and not to the defendant individually. Unless such finding is “clearly erroneous”, it must stand on appeal. Dist/Mun. Cts. R. Civ. P., Rule 52(a); Secretary of Environmental Affairs of Massachusetts Port Auth., 366 Mass. 755, 774 (1975); Malden Door & Window Company v. Goss, 354 Mass. 764 (1968).
Although”. . .mere similarity of name is not sufficient to warrant a finding of identity”, Hinds v. Bowen, 268 Mass. 55, 58 (1929), the sense of words in a name is a question of fact in view of all the circumstances. Way v. Greer, 196 Mass. 237, 246 (1907). So it is with the words in the plaintiffs ledger after the May, 1979 incorporation at which time “J.W. Clark Construction Co.” first appeared thereon. Additionally, where the plaintiff is doing business with one using different business names and it fails to make special inquiry as to what type of entity it is dealing with, the doubt created thereby is a question of fact for the Trial Court. Georgetown Sand & Gravel Co., Inc. v. Burr, 338 Mass. 762 (1959).
Also, the fact that payments received by the plaintiff were in the form of corporate checks is evidence of corporate rather than individual liability. See Georgetown Sand & Gravel Co., Inc. v. Burr, supra, at page 764.
In examining the record, we note acts and conduct of the plaintiff that occurred subsequent to the incurrence of debt. We are mindful that a Trial Court can draw permissible inferences to assist it in its duty. The giving by the plaintiff of a receipt naming therein the corporation and using such corporate name in its communication to the defendant’s attorney considered with all the evidence, enabled the Trial Court to perform its responsibility and arrive at its ultimate conclusion. Plumer v. Luce, 310 Mass. 789, 800 (1942); Thayer v. Thayer, 101 Mass. 111, 113 (1869).
The weight accorded adduced evidence falls within the province of the Trial Court. See Moss v. Old Colony Trust Co., supra. Our function is confined to deciding whether, upon all the evidence with all rational inferences which might be drawn therefrom, the findings can be sustained. The above discussion indicates such findings are to be sustained and we so hold. Hence, all grievances are thusly disposed, except (1) the question of excluded evidence; and, (2) that portion of the New Trial motion claiming denial of argument at the conclusion of trial. We now address these matters.
Concerning the Trial Court’s exclusion of the plaintiffs offer into evidence of a certified copy of the Articles of Incorporation of “Adrian Joinery, Inc.” upon *20 objection by the defendant, the question raised is did the Court properly exclude this evidence?
The plaintiff by such evidence disclosed that it expected to show that the individual defendant was also president of “Adrian Joinery, Inc.” and that a payment on the account was made with its check to thereby show he also was an agent for a second corporation.
The issue confronting the Trial Court was whether the individual defendant or the corporate entity bearing his name was liable for the incurred debt. The Trial Court had a right to consider whether its introduction was unnecessary, might confuse or result in an undue consumption of time in trial of collateral issues balanced or outweighed by the probative value or worth of the offered evidence. It possessed discretionary power to admit or exclude the preferred evidence. Carney v. Bereault, 348 Mass. 502, 510 (1965). In view of the issue here concerned, the Trial Court’s prerogative was correctly exercised and employed.
The plaintiff pointed out at the hearing before this Appellate Division that though no argument was heard by the Trial Court at the trial’s conclusion because of scheduling problems, the Trial Court did hear the parties after it had rendered a decision. The plaintiff contends it is grieved in that the orderly process of trial with concluding argument did not precede the Trial Court’s decision and/or finding.
Dist/Mun. Cts. R. Civ. P., Rule 51 (a) mandates the allowance of time for argument with the Trial Court having discretion to reduce or to extend the time. Had no argument been allowed or had same been summarily denied, the aforestated rule having the force of law, would be a proper basis for the granting of a new trial. However, in the instant matter, the Trial Court, after rendering its decision, did accord argument opportunity to the plaintiff; and, we understand, the Trial Court did hear arguments. Such action indicates that the Trial Court would have altered or changed its decision if argument proved convincing and we believe such assumption to be correct. Further, we conclude that the plaintiff has not been deprived of any procedural right guaranteed by due process requirements. Therefore, the Trial Court’s oversight was corrected by its corrective action and no harm befell the plaintiff.
Finally, we take this opportunity to mention the plaintiffs attempt to claim a grievance based on the filed defendant’s Requests for Rulings considered by the Trial Court as waived. It is common practice when finding for a party to treat requests it files as either waived or withdrawn. The party who fails to prevail has no right to complain unless it files its own requests. Brantley v. Curtis Transmission Co., 36 Mass. App. Dec. 9, 11 (1966). If, however, the prevailing party’s Requests are acted upon and allowed, the other party could, as of right, claim a report because such rulings were adverse and contrary to its position. Muto v. Deslauriers, 292 Mass. 406, 408 (1935). It, therefore, follows that the defendant’s Requests are not now before this Body.
There being no prejudicial error, the Report be and is hereby dismissed.

 See Olofson v. Kilgallon, 362 Mass. 803 (1973).

 Works underscored "by implication" are attributable to plaintiff who asserts such claim, not to Appellate Division.