89 F.3d 823
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Richard A. COLE, and Richard A. Cole, M.D., Inc.,
Plaintiffs, Appellants,
v.
Ernest J. DISANTIS, Jr., Former U.S. Attorney, Western, PA.,
Defendants, Appellees.
 No. 96-1354.
 United States Court of Appeals, First Circuit.
 July 18, 1996.
 
 Richard A. Cole, M.D. F.A.C.P. on brief pro se.
 D.Mass.
 AFFIRMED.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Having carefully reviewed the record, appellant's brief, and appellees' motions for summary disposition, we affirm the order of dismissal and the injunction for the reasons stated by the district court. We add only these comments.
 
 
 2
 Because appellant did not offer any showing that a transfer would be in the interest of justice, we conclude that the district court did not abuse its discretion in failing to order one under 28 U.S.C. § 1406(a). See Cote v. Wadel, 796 F.2d 981, 984 (7th Cir.1986); Dubin v. United States, 380 F.2d 813, 816 (5th Cir.1967)(it is not "in the interest of justice" to use § 1406(a) to "aid a non-diligent plaintiff who knowingly files a case in the wrong district"); see also Mulcahy v. Guertler, 416 F.Supp. 1083, 1086 (D.Mass.1976).
 
 
 3
 With respect to the injunction, the district court made adequate findings that appellant's many improper filings in Massachusetts were an abuse of process causing needless expense and inconvenience. The injunction concerns only filings against the federal defendants in Massachusetts district court, and it allows appellant to apply to the district court for leave to file claims upon a showing of personal jurisdiction, proper venue, and merit. In these circumstances, we perceive no abuse of discretion in this limitation on appellant's future filings. See Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. 829 (1980); cf. Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir.1993).
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.