USCA1 Opinion

 

 July 18, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1354 RICHARD A. COLE, AND RICHARD A. COLE, M.D., INC., Plaintiffs, Appellants, v. ERNEST J. DISANTIS, JR., FORMER U.S. ATTORNEY, WESTERN, PA., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Richard A. Cole, M.D. F.A.C.P. on brief pro se. ______________________________ ____________________ ____________________ Per Curiam. Having carefully reviewed the record, __________ appellant's brief, and appellees' motions for summary disposition, we affirm the order of dismissal and the injunction for the reasons stated by the district court. We add only these comments. Because appellant did not offer any showing that a transfer would be in the interest of justice, we conclude that the district court did not abuse its discretion in failing to order one under 28 U.S.C. 1406(a). See Cote v. ___ ____ Wadel, 796 F.2d 981, 984 (7th Cir. 1986); Dubin v. United _____ _____ ______ States, 380 F.2d 813, 816 (5th Cir. 1967)(it is not "in the ______ interest of justice" to use 1406(a) to "aid a non-diligent plaintiff who knowingly files a case in the wrong district"); see also Mulcahy v. Guertler, 416 F.Supp. 1083, 1086 (D.Mass. ________ _______ ________ 1976). With respect to the injunction, the district court made adequate findings that appellant's many improper filings in Massachusetts were an abuse of process causing needless expense and inconvenience. The injunction concerns only filings against the federal defendants in Massachusetts district court, and it allows appellant to apply to the district court for leave to file claims upon a showing of personal jurisdiction, proper venue, and merit. In these circumstances, we perceive no abuse of discretion in this limitation on appellant's future filings. See Pavilonis v. ___ _________ -2- King, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. ____ ____________ 829 (1980); cf. Cok v. Family Court of Rhode Island, 985 F.2d ___ ___ ____________________________ 32, 34 (1st Cir. 1993).  Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-