95 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Richard A. COLE, M.D., Plaintiff, Appellant,
v.
Thomas WITTMAN, et al., Defendants, Appellees.
 No. 96-1583.
 United States Court of Appeals, First Circuit.
 Sept. 12, 1996.
 
 Richard A. Cole, M.D. F.A.C.P. on brief pro se.
 Jennifer L. Johnston and Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc. on brief for appellees Thomas Wittmann, M.D., Vinod Patel, M.D., Edward Overfield, M.D., Chest Diseases of Northwestern Pennsylvania, Saint Vincent Health Center and Saint Vincent Foundation for Health and Human Services.
 Daniel J. Pastore and The McDonald Group, L.L.P. on brief for appellees John T. Schaaf, M.D., Hamot Medical Center and Hamot Healthcare Corp.
 Jeffrey R. Cohen, Wayne, Lazares & Chappell, W. Patrick Delaney, Dale Huntley and MacDonald, Illig, Jones & Britton LLP on brief for appellees MacDonald, Illig, Jones & Britton LLP.
 Jeffrey R. Cohen and Wayne, Lazares & Chappell on brief for appellee Millcreek Community Hospital.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 For the purposes of this appeal, we assume, without deciding, that we have jurisdiction to consider the merits of the order dismissing appellant's complaint. In any case, upon careful review of the record and appellate briefs, it clearly appears that no substantial question is presented here and that no reversal is warranted.
 
 
 2
 Because appellant made no showing that a transfer would be in the interest of justice, we conclude that the district court did not abuse its discretion in failing to order one. See Cote v. Wadel, 796 F.2d 981, 984 (7th Cir.1986); Dubin v. United States, 380 F.2d 813, 816 (5th Cir.1967) (it is not in the interest of justice to use 28 U.S.C. § 1406(a) to "aid a non-diligent plaintiff who knowingly files a case in the wrong district"); see also Mulcahy v. Guertler, 416 F.Supp. 1083, 1086 (D.Mass.1976).
 
 
 3
 Appellant's remaining arguments also are without merit. He never sought leave to amend his complaint, and amendment would not cure the defects which supported the dismissal. Further, there is no legal or factual support for his assertion of judicial bias.
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.